UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE WARE,

        Plaintiff,

                                        Case No. 12-10957
v.                                      Honorable David M. Lawson

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT

The defendant has filed a motion for judgment on the pleadings, or, in the alternative, for summary judgment in this case alleging wrongful mortgage foreclosure. The plaintiff's four-count complaint includes claims for quiet title, unjust enrichment, implied contract, and violation of Michigan's statutory foreclosure laws. After the defendant removed the case from state court, the parties engaged in settlement negotiations, but the plaintiff reneged on an agreement. The Court granted the defendant's motion to enlarge the dispositive motion deadline, and the defendant filed its motion for judgment on the pleadings, or for summary judgment, on November 30, 2012. The plaintiff responded on December 3, 2012, and the defendant replied on December 12, 2012. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion to dismiss. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

The plaintiff's complaint is identical to numerous other complaints filed in this Court by plaintiff's counsel, including the complaint in *Koyle v. Fannie Mae*, Case Number 12-11065, which

was assigned to the undersigned. The Court granted the defendant's motion to dismiss in that case. *See Koyle v. Fannie Mae*, No, 12-11065, 2012 WL 3151247 (E.D. Mich. Aug. 2, 2012). The defendant in this case advances similar arguments in its motion for judgment on the pleadings as the did the defendant in *Koyle* — unsurprisingly, as the complaints are identical. The plaintiff's response to the defendant's motion is also identical to the response that plaintiff's counsel filed in *Koyle*, despite factual differences between the two cases. The Court concludes, as it did in *Koyle*, that the plaintiff's complaint does not state claims for which relief can be granted. Therefore, the Court will grant the motion and dismiss the complaint.

I.

On May 31, 2006, the plaintiff signed a promissory note for $297,000.00 for the purchase of a home at 37416 Chesterfield, Farmington Hills, Michigan. The note was secured by a mortgage with Argent Mortgage Company, LLC. The mortgage subsequently was assigned to the defendant on December 12, 2008. The plaintiff defaulted on obligations under the Note and Mortgage. On October 13, 2010, the plaintiff entered into a loan modification agreement. However, the plaintiff defaulted on that agreement as well. The defendant commenced foreclosure by advertisement proceedings, and on July 26, 2011, the property was sold at a sheriff's sale to the defendant for $128,000. The defendant received a sheriff's deed, which was recorded on August 2, 2011. The statutory redemption period expired on January 26, 2012, and the plaintiff did not redeem the property.

The plaintiff, who is currently living at the property, attempted unsuccessfully to obtain another loan modification. After the sheriff's sale, the plaintiff continued to attempt to negotiate a

settlement with the defendant to maintain possession of the property, apparently without success.

On January 31, 2012, the plaintiff filed this action in the Oakland County, Michigan circuit court seeking to quiet title on the property and alleging unjust enrichment, breach of implied agreement, specific performance, and violation of Michigan Compiled Laws § 3205(c). The plaintiff seeks all legal title to the property as well as damages. The defendant filed a notice of removal to this Court on March 2, 2012 on the grounds of diversity jurisdiction.

## II.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) requires application of the same standards that govern motions to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(c); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid*. "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the

'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. Further, where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (quoting *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

The defendant attached the Note, the Mortgage, the defendant's first set of requests for admissions and the proof of service for the requests, the assignment of mortgage, a loan modification agreement signed by the plaintiff, the Sheriff's Deed, and a transcript of the plaintiff's deposition to its motion to dismiss. The Note, the Mortgage, the assignment of mortgage, loan modification agreement, and the Sheriff's Deed are integral to the plaintiff's complaint and govern the plaintiff's rights. The Court, therefore, will consider those documents that the defendant attached to its motion to dismiss when deciding the motion. The defendant's request for admissions and transcript of the plaintiff's deposition are not referred to in the pleadings, do not govern the plaintiff's rights, and are not matters of public record. However, because the defendant also moved in the alternative for summary judgment, the Court will consider them in deciding whether there is a question of material fact and whether the defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c).

### A.  Quiet title claim

The defendant argues that the plaintiff has not pleaded a *prima facie* case to support her quiet title claim. The plaintiff responds that the complaint demonstrates that she was misled into believing that the sheriff's sale would not occur pending the outcome of the loan modification process. The plaintiff argues that she has demonstrated fraud and that the statute of frauds does not prevent courts acting in equity from setting aside deeds.

In Michigan a quiet title action is a statutory cause of action. Michigan Compiled Laws § 600.2932(1) states that "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." That statute "codifie[s] actions to quiet title

and authorize[s] suits to determine competing parties' respective interests in land." *Republic Bank v. Modular One LLC*, 232 Mich. App. 444, 448, 591 N.W.2d 335, 337 (1998), *overruled on other grounds by Stokes v. Millen Roofing Co.*, 466 Mich. 660, 649 N.W.2d 371 (2002). A party seeking to establish clear title has the burden of proof in a quiet title action and must make out a *prima facie* case that they have title to the disputed land. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999) (citing *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219 (1984)). If the plaintiff establishes a *prima facie* case, the burden of proof shifts to the contestant to establish superior right or title to the property. *Ibid.* (citing *Boekeloo v. Kuschinski*, 117 Mich. App. 619, 629, 324 N.W.2d 104 (1982)). An action to quiet title is equitable in nature. *Ibid*. If a defendant fails in its proof and "the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto." Mich. Comp. Laws § 600.2932(3).

As mentioned above, the defendant argues that the complaint does not establish a *prima facie* case of title. The allegations in the complaint that support the plaintiff's quiet title count are scant. The plaintiff states that she claims a fee simple absolute interest in the property by way of an executed warranty deed. Compl. ¶ 5. However, the complaint also acknowledges that a sheriff's sale occurred in 2011, that the redemption period has expired, and that "the subject property is currently in the name of the Defendants [sic] by way of a Sheriff's Deed." *Id*. ¶¶ 9, 11, 16. Essentially, then, the plaintiff's quiet title claim seeks to set aside a completed foreclosure sale.

Under Michigan law, a former owner's right, title, and interest in property are extinguished upon the expiration of the redemption period. *Piotrowski v. State Land Office Bd*., 302 Mich. 179, 187, 4 N.W.2d 514, 517 (1942). In order to set aside a foreclosure sale, a plaintiff must establish

some "fraud, accident, or mistake." *Freeman v. Wozniak*, 241 Mich. App. 633, 636, 617 N.W.2d 46, 49 (2000); *Smith v. Bank of America Corp.*, No. 10-14161, 2011 WL 653642, at *5 (E.D. Mich. Feb. 14, 2011) (citing *Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010)). The plaintiff has not alleged any facts that would support a finding of fraud, accident, or mistake. The closest the complaint comes is the paragraph alleging that "the action of the Defendants [sic] was intentionally designed to preclude the Plaintiff from entering into a loan modification or a negotiated settlement to keep possession of the subject property." Compl. ¶ 14. Even accepting that allegation as true, it is not sufficient to establish fraud, accident, or mistake that would justify setting aside the foreclosure sale. *See Jabow v. Chase Home Finance LLC*, No. 12-10370, 2012 WL 2524283, at *2 (E.D. Mich. June 29, 2012) (finding allegation that defendant "intentionally designed its actions to preclude Plaintiff from entering a loan modification program" insufficient to set aside a foreclosure sale); *Harvey v. PNC Bank*, No. 12-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (same); *Powers v. Chase Bank USA, N.A.*, No. 12-10814, 2012 WL 1945474, at *3 (E.D. Mich. May 30, 2012) (same).

Nor is the allegation sufficient to meet the stringent pleading requirements of Federal Rule of Civil Procedure 9(b). Under Rule 9(b), a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Ind. State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotation marks omitted). In addition, a party must "allege the time, place, and content of the

-7-

alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.* 2 F.3d 157, 161-62 (6th Cir. 1993) (citations omitted). Viewing the complaint most charitably, it alleges that the defendant had a fraudulent intent. Compl. ¶ 14. However, the complaint does not contain any allegations of misrepresentation by the defendant. Count I of the complaint fails to state a claim.

### B. Unjust enrichment

The defendant argues that the plaintiff cannot recover under a theory of unjust enrichment — a quasi contract theory — because a written contract actually governs the parties' relationship. The plaintiff counters that she is entitled to a judgment for unjust enrichment because the defendant has legal title to the property, received the proceeds of the sheriff's sale, and can sue the plaintiff for any deficiency. The plaintiff states that the inequity of this situation is obvious.

The obviousness of the plaintiff's position has eluded the Court. The defendant has the better argument. Under Michigan law, to plead a claim of unjust enrichment, a plaintiff must establish that the defendant has received and retained a benefit from the plaintiff and inequity has resulted. *Fodale v. Waste Management of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827, 841 (2006). Michigan courts will then imply a contract to prevent unjust enrichment. *Ibid.* However, courts will not imply a contract where there is an express contract governing the same subject matter. *Ibid.*

Here, as in *Fodale*, there is an express contract governing the contested matter. *See Fodale*, 271 Mich. App. at 37, 718 N.W.2d at 841. The parties' rights and obligations on the loan are clearly expressed in the promissory note, the mortgage, and the loan modification agreement. Mot. For J.

on the Pleadings, Ex. A, B, E. Thus, the plaintiff fails to state a viable claim of unjust enrichment. *See Fodale*, 271 Mich. App. at 37, 718 N.W.2d at 841.

### C. Implied contract and specific performance

The defendant makes a similar argument on the implied contract count: an actual contract governs here. Moreover, the statute of frauds prevents the type of implied contract the plaintiff urges. The plaintiff responds that the statute of frauds does not apply because the defendant is estopped from denying an agreement that included forbearance during the loan modification negotiations. The plaintiff states that the defendant misled the plaintiff into believing that she would obtain a loan modification or receive a definite decision on a loan modification prior to the sheriff's sale, and that if she had known that the defendant intended to proceed with the sheriff's sale she would have filed for bankruptcy, obtained a temporary restraining order, or sought written confirmation that the sheriff's sale would be postponed.

Under Michigan common law, "an implied-in-fact contract arises between parties when those parties show a mutual intention to contract." *Kingsley Associates, Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 504 (6th Cir. 1995). "A contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction." *Erickson v. Goodell Oil Co.*, 384 Mich. 207, 212, 180 N.W.2d 798, 800 (1970). "In deciding whether there was mutual assent to a[n implied contract term], [Michigan courts] use an objective test, 'looking to the expressed words of the parties *and their visible acts*.'" *Rowe v. Montgomery Ward & Co., Inc.*, 437 Mich. 627, 640, 473

N.W.2d 268, 273 (1991) (quoting *Goldman v. Century Ins. Co.*, 354 Mich. 528, 535, 93 N.W.2d 240, 243 (1958)).

Here, the plaintiff's complaint fails to allege facts to support the claim that an implied contract existed. In this case, the plaintiff's loan was modified once prior to the initiation of foreclosure proceedings, and the plaintiff does not allege that the defendant breached that contract. Presumably, then, the allegations in the plaintiff's complaint refer to some further attempt to modify the loan. The plaintiff does not point to any language of or conduct by the defendant from which the Court or any fact finder could reasonably infer that there was a meeting of the minds, that is, that the defendant assented to further modify the contracts in this case. The plaintiff does not allege that the parties agreed, even tentatively, to a further loan modification. At most, the plaintiff implies that the defendant had begun talks on the matter. The complaint states: "That Defendant must be ordered to *continue* the processing of the Loan Modification and/or negotiate in good faith a settlement on the subject property so that the Plaintiff can enter into a Loan Modification . . ." Compl. ¶ 12 (emphasis added). The complaint primarily focuses on the plaintiff's subjective intentions and actions: "That plaintiff was to modify the Loan or negotiate in good faith a settlement with the Defendants [sic]." Compl. ¶ 22. The plaintiff also seeks specific performance on the alleged implied agreement, asking the Court to order the defendant to continue processing the loan modification or negotiate a settlement. In the absence of an implied agreement, there are no terms on which the Court can order specific performance. These allegations are insufficient to state a claim based on an implied contract.

In addition, the plaintiff's claim is barred by Michigan's statute of frauds, which states:

An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise

> or commitment is in writing and signed with an authorized signature by the financial institution:
> . . .
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2)(b). The statute "plainly states that a party is precluded from bringing a claim . . . against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000). Even if the plaintiff adequately had alleged that an implied agreement existed, the plaintiff does not allege that the defendant put a second modification agreement in writing. Thus, the statute of frauds bars the plaintiff's claim. *See* Mich. Comp. Laws § 566.132(2).

The plaintiff argues in her brief that *Crown Technology* is distinguishable from the present case because the plaintiff has alleged that there were representations that the sheriff's sale would be adjourned to permit the loan modification process to proceed. No such allegation appears in the complaint; the closest allegation in the complaint is that "the action of the Defendants was intentionally designed to preclude the Plaintiff from entering into a loan modification or a negotiated settlement to keep possession of the subject property." Compl. ¶ 14. Even if that statement were sufficient to demonstrate that the defendant made the statements that the plaintiff ascribes to it in her response, it would not be sufficient to distinguish *Crown Technology*, because a promise to forgo a contractual remedy constitutes a promise to waive a loan provision or provide a financial accommodation — the precise type of claim that *Crown Technology* deemed "plainly . . . precluded" by the statute of frauds. *Crown Tech. Park*, 242 Mich. App. at 550, 619 N.W. 2d at 72.

Finally, in the plaintiff's response to the defendant's motion, the plaintiff appears to be arguing that she has stated a claim for misrepresentation. That argument must be dismissed out of

hand, as no misrepresentation claim appears in the complaint. However, the words misrepresentation and fraud do appear in count III of the plaintiff's complaint. Even construing the complaint generously as attempting to plead a claim for fraud or misrepresentation, the claim still fails because the complaint does not state any facts that would support such a claim, let alone comply with the stringent pleading requirements of Federal Rule of Civil Procedure 9(b), as discussed above.

### D. Breach of Michigan mortgage modification statute

The plaintiff alleges in her complaint that Michigan Compiled Laws § 600.3205a requires certain steps to be taken before a sale, and the defendant did not follow them. The plaintiff argues that she sought a loan modification and was not given a loan modification, and asserts that therefore the sheriff's sale should not have taken place and was not valid. Again, as the plaintiff was granted a loan modification and subsequently defaulted, presumably the allegations in the plaintiff's complaint refer to some further modification sought by the plaintiff.

Both Michigan Compiled Laws §§ 600.3204 and 600.3205 have been amended since the events that form the basis of this complaint. The amendments do not affect the issues presented here, however; the Court will apply the version of the statutes in effect at the time of the foreclosure.

A party may not begin foreclosure by advertisement proceedings if any of the following apply:

> (a) Notice has not been mailed to the mortgagor as required by section 3205a.
> (b) After a notice is mailed to the mortgagor under section 3205a, the time for a housing counselor to notify the person designated under section 3205a(1)(c) of a request by the mortgagor under section 3205b(1) has not expired.
> (c) Within 14 days after a notice is mailed to the mortgagor under section 3205a, the mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c) and 90 days have not passed after the notice was mailed.

> (d) The mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c), the mortgagor has provided documents if requested under section 3205b(2), and the person designated under section 3205a(1)(c) has not met or negotiated with the mortgagor under this chapter.
> (e) The mortgagor and mortgagee have agreed in writing to modify the mortgage loan and the mortgagor is not in default under the modified agreement.
> (f) Calculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7).

Mich. Comp. Laws § 600.3204(4) (2009). The notice required by section 3205a must include "a list of housing counselors prepared by the Michigan state housing development authority." Mich. Comp. Laws § 600.3205a(1)(d) (2009).

"A borrower who wishes to participate in negotiations to attempt to work out a modification of a mortgage loan shall contact a housing counselor from the list provided under section 3205a within 14 days after the list is mailed to the borrower." Mich. Comp. Laws § 600.3205b(1) (2009). The housing counselor, if contacted by a borrower, "shall schedule a meeting between the borrower and the person [who has authority to enter into loan modifications] to attempt to work out a modification of the mortgage loan." *Id.* § 600.3205b(3).

If a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification. Mich. Comp. Laws § 600.3205c(1) (2009). If the "person designated under section 3205a(1)(c)" is required to work with the borrower, he "shall provide the borrower with . . . [a] copy of any calculations made under this section." *Id.* § 600.3205c(5). The statute states that when a borrower is eligible for a loan modification, the mortgage holder may not pursue foreclosure by advertisement unless it offers the borrower a modification agreement and the borrower fails to

accept it within 14 days. *Id.* § 600.3205c(7). If the mortgage holder nonetheless commences foreclosure proceedings in violation of this statute, the borrower may bring suit to "convert the foreclosure proceeding to a judicial foreclosure." *Id.* § 600.3205c(8). However, conversion into judicial foreclosure is only available if "the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply." *Ibid.*

The only allegation in the complaint as to how the defendant allegedly violated the statute is that "the Defendants [sic] have failed to follow MCL 3205(c) [sic] in that the Defendants [sic] have failed to modify Plaintiff's mortgage." Compl. ¶ 29. As an initial matter, the statute does not require the defendant to modify the plaintiff's mortgage, and therefore an allegation that the defendant has failed to modify the plaintiff's loan is insufficient to state a claim under the statute. Further, the plaintiff has not alleged that she contacted a housing counselor as required by section 600.3205b or that she was even eligible for a loan modification. Other courts that have addressed this issue have found that mortgagors may not seek relief under section 600.3205c(8) unless they comply with the statutory requirements. *See Tawfik v. BAC Home Loans Servicing, LP*, No. 11-12590, 2011 WL 6181441, at *4 (E.D. Mich. Dec. 13, 2011); *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276, at *5 (E.D. Mich. Nov. 1, 2011); *Carl v. BAC Home Loans Servicing, LP*, No. 11-11255, 2011 WL 3203086, at *3 (E.D. Mich. July 27, 2011).

Even if the plaintiff had alleged facts that would give rise to a duty on the part of the defendant to engage in the loan modification process, the plaintiff is not entitled to any form of relief after the sheriff's sale has been completed. *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011) ("The statute plainly requires the borrower to seek his

remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure. A borrower may not challenge a completed foreclosure sale under this statute."); *Lessl v. CitiMortgage, Inc.*, No. 11-10871, 2011 WL 4351673, at *6 (E.D. Mich. Sept. 16, 2011) (same). The plaintiff has not stated a viable claim in count IV of the complaint.

### III.

The plaintiff's complaint does not state claims for which relief may be granted.

Accordingly, it is **ORDERED** that the defendant's motion for judgment on the pleadings [dkt. #19] is **GRANTED**.

It is further **ORDERED** that the complaint is dismissed with prejudice.

                                            s/David M. Lawson  
                                            DAVID M. LAWSON  
                                            United States District Judge

Dated: February 14, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2013.

                               s/Deborah R. Tofil  
                               DEBORAH R. TOFIL